Lahtinen, J.
Appeal from an order of the Supreme Court (Zwack, J.), entered August 2, 2011 in Ulster County, which granted a motion by defendant Saint Cabrini Home, Inc. for summary judgment dismissing the complaint against it.
The Ulster County Department of Social Services placed plaintiff, a neglected 13-year-old child, at a residential facility operated by defendant Saint Cabrini Home, Inc. (hereinafter defendant), located in the Town of Esopus, Ulster County. In January 2007, plaintiff left the facility on foot without permission at about 10:00 p.m. and she proceeded to nearby State Route 9W, where she was struck by a vehicle operated by defendant Irwin Rich. She sustained serious injuries and thereafter commenced this action against Rich and also against defendant, asserting negligent supervision as to defendant. Following discovery, defendant successfully moved for summary judgment dismissing the complaint as to it and plaintiff now appeals.
Initially, we are unpersuaded by plaintiffs contention that Supreme Court should have used a standard of care applicable to a facility caring for the mentally infirm (see generally Campbell v Cluster Hous. Dev. Fund Co., 247 AD2d 353, 353-354 [1998]). There is no proof that plaintiff was placed with defendant for treatment of a mental illness. She had emotional and behavioral issues, which were reflective of her history as a neglected child. However, there is no competent medical proof in the record revealing mental illness.
In a group home such as defendant’s where the institution is essentially stepping into the shoes of the missing parent, the institution has a duty to provide the degree of care and supervision that a reasonable parent would provide (see Mirand v City of New York, 84 NY2d 44, 49 [1994]). Plaintiff resided in one of the cottages on the premises together with 17 other girls. There were five staff members on duty at the cottage as well as an administrator in a nearby building. Although the extent of the use of locks at the cottage is disputed, the record does not indicate that this was the type of facility where locking the children into the cottages was required. Plaintiff had previously made unauthorized exits, but she had willingly returned without incident or injury. On the night of the accident, plaintiff was *1301 observed leaving the cottage by a staff member who attempted to follow her and who notified other staff. Several other staff members together with the on-duty administrator attempted to secure plaintiffs return. They found plaintiff on the shoulder of nearby State Route 9W However, plaintiff refused their verbal directives that she return and moved away from staff members as they approached her.
Defendant presented proof that its staff followed established protocols by monitoring plaintiffs movements and calmly talking to her so as to minimize the possibility of the situation escalating. Defendant also produced a letter written by plaintiff after the incident to a staff member in which she stated that she had “jump[ed] in front of that . . . car.” In her brief, plaintiff speculates that defendant’s employees should have physically removed her from the road but, shortly thereafter, indicates that the employees should have stayed farther away from her. However, our review of the record reveals no proof that defendant’s protocols were deficient or that defendant acted improperly. Therefore, we agree with Supreme Court that defendant met its threshold burden of establishing that it was entitled to summary judgment and plaintiff failed to raise triable issues.
Garry and Egan Jr., JJ., concur.